UNITED STATES of America, Plaintiff-Appellee,

v.

Larry Wayne CASSITY, (85–1408), Stephen Gordon Lenk, (85–1409), Defendants-Appellants.

Nos. 85–1408, 85–1409.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 4, 1986.

Decided Dec. 17, 1986.

Edward Wishnow, argued, Bornstein, Wishnow, Shaye & Schneiderman, Southfield, Mich., for defendants-appellants.

Ross Parker, Asst. U.S. Atty., argued, U.S. Attys. Office, Detroit, Mich., for plaintiff-appellee.

Before LIVELY, Chief Judge, and MARTIN and BOGGS, Circuit Judges.

PER CURIAM.

This case is before us for the third time. See *United States v. Cassity*, 631 F.2d 461 (6th Cir.1980); *United States v. Cassity*, 720 F.2d 451 (6th Cir.1983), *vacated and remanded*, 468 U.S. 1212, 104 S.Ct. 3581, 82 L.Ed.2d 879 (1984). Upon receiving the remand from the Supreme Court, this court further remanded the case to the district court and the district court then entered the judgment from which the present appeal is taken. The district court accompanied its judgment with a memorandum opinion reported at 604 F.Supp. 1566 (E.D. Mich.1985).

Cassity and Lenk were convicted of conspiring to manufacture and of manufacturing amphetamines in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1982). Prior to trial, Cassity had moved to suppress evidence seized pursuant to a search warrant based in part on the results of monitoring three electronic homing transmitters (beepers) that had been installed pursuant to earlier warrants. The defendants did not contend that the final search warrant that led to seizure of the property was itself invalid, but argued that the warrants for installation of the beepers were invalid and thus the seizures were "fruits of a poisonous tree." On the first two appeals, this court applied the developing law of the circuit with respect to the requirements of warrants for the installation of beepers. In the first appeal this court vacated the convictions in light of an intervening decision and remanded for a hearing to determine whether the use of the beepers violated the defendants' legitimate expectations of privacy. On remand the district court held that it had properly denied the motions to suppress and it reinstated the convictions. On the second appeal the judgment of the district court was vacated, the evidence ordered suppressed and the matter remanded to the district court for a new trial in the event the government chose to bring Cassity and Lenk to trial again without the suppressed evidence. The Supreme Court then granted certiorari, vacated the judgment of this court and remanded the case "for further consideration in light of *United States v. Leon* [468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) ]." In *Leon* the Supreme Court held that the exclusionary rule should not be applied to suppress evidence obtained by officers reasonably relying on a search warrant which was issued by a detached and neutral magistrate and ultimately found to be invalid.

■ Cassity and Lenk make several arguments on appeal. First, they argue that

"the law of the case" precludes the application of *United States v. Leon* to this case. The law of the case is not a rigid doctrine, but is one applied by the courts to limit relitigation of issues previously decided. It would be inappropriate to apply the doctrine in the present case where the issue of good faith reliance on a search warrant was not raised at any earlier stage of the litigation and where the Supreme Court of the United States has specifically directed this court to reconsider our prior decision in light of its decision in *Leon* dealing with good faith reliance on a warrant.

■ In their second argument the appellants contend that *United States v. Leon* should not be applied retroactively to the searches in this case. They assert that *Leon* represented such a clear break with past precedent that it should not be given retroactive application. This issue is settled contrary to the appellants' position insofar as this court is concerned. In *United States v. Savoca*, 761 F.2d 292 (6th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 153, 88 L.Ed.2d 126 (1985), we applied *Leon* retroactively, as have other courts of appeals. *E.g., United States v. Henderson*, 746 F.2d 619 (9th Cir.1984), *aff'd,* —— U.S. ——, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986); *United States v. Sager*, 743 F.2d 1261 (8th Cir.1984), *cert. denied,* 469 U.S. 1217, 105 S.Ct. 1196, 84 L.Ed.2d 341 (1985). In addition, since the Supreme Court vacated this court's decision and remanded for consideration in light of *Leon* with full knowledge of the fact that the searches in the present case took place years before *Leon* was decided, it cannot be argued that *Leon* should not be applied retroactively to these searches.

■ The third and final argument of the appellants is that *Leon* does not preclude the suppression of evidence in this case because the facts place the case outside the *Leon* rule. *Leon* applies only when warrants appear valid on the basis of objective examination and are later found to be invalid. The appellants maintain that the warrants in this case were facially invalid, and therefore reasonably well-trained police officers could not have believed in good faith that they were valid. The alleged facial invalidity of the warrants related to their failure to limit the duration of the installation and monitoring of the beepers.

The appellants contend that well-trained officers would have known that their search was illegal because there was authority in the area of wiretap search warrants that such warrants issued without limiting the duration of the interception were invalid. In addition, one of the three warrants in this case had a duration limitation, thus alerting the officers to the fact that such a limitation is necessary. The warrant merely had "3 days" written in a blank space following, "You are hereby commanded to search within a period of ___." The appellants also argue that the beepers remained in place and were monitored more than ten days after issuance of the warrants in violation of Rule 41(c), Fed. R.Crim.P., and that the officers should have known the requirement of the rule. The government responds that at the time the beepers were installed there was no authority holding that a warrant for a beeper must contain a durational limitation; that Rule 41(c) applies to the period during which a warrant may be executed, not to the duration of surveillance; and that the three-day limit written into one of the warrants could reasonably have been construed as applying to the time within which the warrant must be executed, not to any duration of monitoring.

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court properly applied *United States v. Leon* to the facts of this case and that the warrants were not so facially invalid that well-trained peace officers could not reasonably have relied upon them in carrying out the search. The warrants involved in this case were ultimately found to be defective because they did not contain time limits. However, when the warrants were issued and executed there was no clearly established requirement that warrants for beepers must limit the duration of

the installation and monitoring. This court held in *United States v. Bailey*, 628 F.2d 938 (6th Cir.1980), that warrants for beepers were required to have termination dates, and the warrant requirements for beepers were addressed by the Supreme Court for the first time in *United States v. Karo*, 468 U.S. 705, 104 S.Ct. 3296, 82 L.Ed.2d 530 (1984). The warrants in question were issued and executed in 1977.

The warrants were not facially invalid and the district court did not err in holding that it was reasonable for the police officers to install and monitor beepers after securing warrants that contained no time limits. The error in the case was committed by the magistrates in issuing the warrants, not by the police officers in executing them. See *Massachusetts v. Shepherd*, 468 U.S. 981, 990, 104 S.Ct. 3424, 3429, 82 L.Ed.2d 737 (1984).

The judgment of the district court is affirmed.