THE STATE OF OHIO, APPELLANT,
*v.* JOHNSON, APPELLEE.

(No. 662—Decided May 31, 1988.)

*Rocky A. Coss,* prosecuting attorney, for appellant.

*Jeffrey Jon Lyle,* for appellee.

GREY, J. This is an appeal from a judgment of the Highland County Common Pleas Court sustaining Gregory Johnson's motion to suppress items found during an inventory search following Johnson's arrest upon a warrant later found to have been issued without probable cause. We affirm.

The record reveals the following facts. On August 30, 1986 Officer Lyle Delph of the Greenfield Police Department received information from some juveniles that defendant, Gregory "Chip" Johnson, had given them beer. Delph reported to Ralph Phillips, the Assistant Highland County Prosecutor, who prepared a warrant to arrest Johnson alleging that Johnson contributed to the unruliness or delinquency of a child in violation of R.C. 2919.24(A)(2). Delph took the warrant to the Deputy Clerk of the Highland County Court and swore that the allegations contained therein were true to the best of his knowledge. The parties stipulated that Delph did not present any evidence, statements or anything to indicate that his information was based on informants' statements. The clerk issued the warrant for Johnson's arrest.

The parties further stipulated that Delph returned the warrant to the Greenfield Police Department where it was later executed by Officer Roche. During an inventory search of Johnson's vehicle incident to his arrest, Roche seized a tube containing traces

of cocaine and a small amount of marijuana. Johnson was charged with possession of cocaine, a Schedule II controlled substance under R.C. 3719.41, in violation of R.C. 2925.11 (A).

On September 24, 1986 Johnson filed a motion to suppress the warrant and all resulting evidence as the warrant was issued without probable cause. The county court sustained Johnson's motion. In December 1986 the Highland County Grand Jury indicted Johnson for violating R.C. 2925.11(A). The indictment was based on the evidence obtained from the search of Johnson's vehicle.

On March 6, 1987 Johnson again filed a motion to suppress evidence on the basis that no probable cause existed. On March 12, 1987, after a hearing on Johnson's motion, the trial court sustained the motion finding that there was no probable cause upon which to issue the warrant. On March 13, 1987, the trial court reversed itself and overruled Johnson's motion to suppress. Johnson filed a motion for reconsideration. Based on that motion the trial court again reversed itself and granted Johnson's motion to suppress. It is from that order that the state appeals and assigns one error:

"The trial court erred in suppressing evidence seized by an officer during an otherwise valid inventory search after an arrest made in good faith by that arresting officer pursuant to an arrest warrant subsequently determined to have been issued without probable cause."

The state concedes that the arrest warrant was issued without probable cause. However, the state contends that the "good faith" exception to the exclusionary rule created by *United States* v. *Leon* (1984), 468 U.S. 897, and *State* v. *Wilmoth* (1986), 22 Ohio St. 3d 251, 22 OBR 427, 490 N.E. 2d 1236, applies here making the inventory search resulting from that warrant valid. We disagree. The fact that the arrest warrant was executed in good faith by a colleague of Officer Delph who swore out the complaint against Johnson does not fall within the good faith exception to the exclusionary rule.

In *Leon, supra,* the court noted that the "bad faith" of an officer of a police department may be imputed to other officers of that department. The court wrote at 923, fn. 24:

"References to 'officer' throughout this opinion should not be read too narrowly. It is necessary to consider the objective reasonableness, not only of the officers who eventually executed a warrant, but also of the officers who originally obtained it or who provided information material to the probable-cause determination. *Nothing in our opinion suggests, for example, that an officer could obtain a warrant on the basis of a 'bare bones' affidavit and then rely on colleagues who are ignorant of the circumstances under which the warrant was obtained to conduct the search.* See *Whiteley* v. *Warden,* 401 U.S. 560, 568 (1971)." (Emphasis added.)

The exclusionary rule is designed to protect the public from invasion of privacy by overzealous law enforcement personnel. The whole idea in putting a sanction on conduct is to deter further conduct of that sort. This is the essence of the "good faith" rule. Where a police officer has attempted to comply with the constitutional guarantees, but nonetheless the search warrant is later found to be invalid because of the issuing magistrate's error, imposing a sanction on the police officer serves no purpose at all. As a rule, imposing a penalty on one person for someone else's mistake is usually futile. This point is made very clear in *Wilmoth, supra,* at 260, 22 OBR at 434, 490 N.E. at 1243:

" 'This is particularly true, we believe, when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope. *In most such cases, there is no police illegality and thus nothing to deter. It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment.* In the ordinary case, *an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient.* "[O]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law." *Id.* [428 U.S.], at 498, 49 L. Ed. 2d 1067, 96 S. Ct. 3037 (Burger, C.J., concurring). *Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations.'* (Emphasis added; footnotes omitted.)"

This is not a search warrant case. This is not a good faith case. It is the case of a warrantless search incident to an invalid arrest as described in *Leon, supra.* Neither the United States Supreme Court nor the Ohio Supreme Court has said that a warrantless search incident to an invalid arrest is proper if the arresting officer acts in good faith. Thus, we find the state's assignment of error to be without merit and thereby overrule it.

*Judgment affirmed.*

STEPHENSON, J., concurs.

ABELE, J., dissents.

STEPHENSON, J., concurring. I concur in the judgment and opinion but write separately to address the broad language used in the lead opinion which contends that "[n]either the United States Supreme Court nor the Ohio Supreme Court has said that a warrantless search incident to an invalid arrest is proper if the arresting officer acts in good faith."

As appellant concedes that the arrest warrant was issued without probable cause, the only issue is whether the good faith exception to the exclusionary rule, as set forth in *United States* v. *Leon* (1984), 468 U.S. 897, and adopted in Ohio in *State* v. *Wilmoth* (1986), 22 Ohio St. 3d 251, 22 OBR 427, 490 N.E. 2d 1236, is applicable to the instant case.[1] For the reasons which follow, I conclude that the circumstances of the instant case do not fall within the good faith exception to the exclusionary rule.

The Fourth Amendment applies equally to arrest warrants as well as to search warrants. "The language of the

---

[1] It is settled law in Ohio that the exclusionary rule will be applied only to constitutional violations and will not be applied when the violation is solely of state law. See *Kettering* v. *Hollen* (1980), 64 Ohio St. 2d 232, 18 O.O. 3d 435, 416 N.E. 2d 598; *State* v. *Downs* (1977), 51 Ohio St. 2d 47, 64, 5 O.O. 3d 30, 40, 364 N.E. 2d 1140, 1150-1151; *State* v. *Myers* (1971), 26 Ohio St. 2d 190, 55 O.O. 2d 447, 271 N.E. 2d 245. It is asserted in appellant's brief that a juvenile had informed Officer Delph, when the juvenile and others had been stopped by the officer, that appellee Johnson had furnished them with alcohol. While this information could arguably constitute probable cause constitutionally sufficient for arrest so as to preclude application of the exclusionary rule, even though contrary to R.C. 2935.03, such information is not in the record. Thus, we do not reach or decide whether the arrest was constitutionally valid irrespective of invalidity of the arrest under state law. In sum, on the record before us, probable cause was not demonstrated.

Fourth Amendment, that '. . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized,' of course applies to arrest as well as search warrants." *Giordenello* v. *United States* (1958), 357 U.S. 480, 485-486.

When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure. *Illinois* v. *Krull* (1987), 480 U.S. 340, 347; *Weeks* v. *United States* (1914), 232 U.S. 383; *Mapp* v. *Ohio* (1961), 367 U.S. 643. However, a good faith exception to the exclusionary rule exists where evidence is obtained by a police officer whose reliance on a search warrant issued by a neutral magistrate was objectively reasonable, even though the warrant was ultimately found to be defective. *Leon, supra; United States* v. *Cassity* (C.A. 6, 1986), 807 F. 2d 509, 510.

The *Leon* court determined that there was no sound reason to apply the exclusionary rule as a means of deterring misconduct on the part of judicial officers who are responsible for issuing warrants because: (1) the exclusionary rule was historically designed to deter police misconduct rather than punish the errors of judges and magistrates; (2) there was no evidence suggesting that judges and magistrates are inclined to ignore or subvert the Fourth Amendment or that lawlessness among these actors requires application of the extreme sanction of exclusion; and (3) there was no basis for believing that exclusion of evidence seized pursuant to a warrant will have a significant deterrent effect on the issuing judge or magistrate. *Krull, supra,* at 348; *Leon, supra,* at 916-917. Moreover, the Supreme Court of the United States considered whether application of the exclusionary rule in that context could be expected to alter behavior of law enforcement officers. *Krull, supra,* at 348; *Leon, supra,* at 918.

Law enforcement officers must present the magistrate sufficient information to determine probable cause; a warrant cannot be supported by a "bare bones" affidavit. *Leon, supra,* at 915. In the instant case no supporting affidavit setting forth the facts to establish probable cause was filed with the complaint. The complaint provided in part as follows:

"Complainant *Pt. Lyle Delph* being first duly sworn states that *Gregory 'Chip' Johnson* defendant did on or about *August 30, 1986* in the County of Highland, State of Ohio and Township of *Madison* he did act in a way tending to cause a child to become an unruly child as defined in Section 2151.022 of the Revised Code by purchasing beer for Patricia A. Jackson.

"In violation of section *2919.24(A) (2) ORC*

"* * *

"CLERK'S DETERMINATION

"There appearing to be probable cause that the above offense has been committed by the defendant a warrant will be issued herein. * * *"

Crim. R. 4(A)(1), concerning issuance of arrest warrants or summons upon complaint, provides in pertinent part:

"*If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it,* a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it." (Emphasis added.)

Manifestly, before one of the officials designated by Crim. R. 4(A)(1) can determine whether probable cause exists for the arrest, law enforcement officials must provide sufficient information in the complaint or affidavit filed with the complaint to allow that official to determine probable cause. *Leon, supra,* at 915. Law enforcement officials must " 'provide the magistrate with a substantial basis for determining the existence of probable cause.' " *Id.,* citing *Illinois* v. *Gates* (1983), 462 U.S. 213, 239. In the case *sub judice* the police officer provided the deputy clerk of court with only a "bare bones" complaint. Under such circumstances, a law enforcement official is not reasonably entitled to rely in good faith upon the arrest warrant issued upon the complaint.

Other courts have also held that the good faith exception to the exclusionary rule is not available where the arrest warrant was issued on the strength of a bare bones affidavit. *United States* v. *Jackson* (C.A. 5, 1987), 818 F. 2d 345; *Stewart* v. *State* (1986), 289 Ark. 272, 711 S.W. 2d 787. The Supreme Court of the United States in *Leon* also determined that an officer does not manifest objective good faith in relying on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Leon, supra,* at 923; *Brown* v. *Illinois* (1975), 422 U.S. 590, at 610-611.

Additionally, as Judge Grey indicates, the court in *Leon,* at 923, fn. 24, concluded that:

"Nothing in our opinion suggests, for example, that an officer could obtain a warrant on the basis of a 'bare bones' affidavit and then rely on colleagues who are ignorant of the circumstances under which the warrant was obtained to conduct the search. See *Whiteley* v. *Warden,* 401 U.S. 560, 568 (1971)."

Therefore, the fact that the arrest warrant was executed in good faith by a colleague of the officer who swore out the complaint does not fall within the good faith exception to the exclusionary rule.

The issue of the good faith exception to the exclusionary rule where there is a search incident to an arrest warrant which is subsequently found to be invalid has been addressed in Ohio:

"An interesting approach to the 'good faith' exception was taken by the Licking County Court of Appeals * * * [in *State* v. *Gough* (1986), 35 Ohio App. 3d 81, 519 N.E. 2d 842]. There, the defendant was arrested on an improperly issued bench warrant. The bench warrant was issued when the court was notified that the defendant had failed to serve the remainder of a sentence for disorderly conduct, when in fact the defendant had served his time. The defendant's name did not appear on a list of people who had served their time. A search incident to the arrest on the bench warrant turned up LSD and the defendant was prosecuted.

"The state argued at the suppression hearing that the exclusionary rule should not be applied because the arresting officer acted in good faith reliance on the warrant. The court of appeals rejected this argument. Acknowledging that *Leon* and *Sheppard* held that the exclusionary rule should not be applied to a judge's errors, the court, nonetheless, suppressed the evidence because of the need to deter the police conduct involved in the case. While the arresting officer acted in good faith and relied on the warrant, the court correctly read *Leon* and *Sheppard* to require that the exception be applied only when the collective effort of the law enforcement personnel in the case meets the standard of reasonableness. Here, the court found that the error was not the judge's but that of the law enforcement agency

which had communicated inaccurate information to the municipal court. This occurred, according to the court, because at the time the bench warrant was issued, there was no standard procedure by which law enforcement personnel informed the municipal court whether a defendant had properly served his time. Not to suppress, the court said, 'would be to encourage careless, perhaps deliberately neglectful, record keeping.'

"In a concurring opinion, Judge Milligan wrote that the remedy of exclusion is particularly appropriate to the constitutional offense in this case because it was different from a situation where the error was reasonably unavoidable. He pointed out that the same police department that created the clerical inaccuracy had also made the arrest and had the capacity to ameliorate the practice that led to the error." (Footnotes omitted.) Katz, Ohio Arrest, Search and Seizure (2 Ed. 1987) 29-30, Section 3.05.

The case *sub judice* is factually similar to *Gough* in that both involve suppression of evidence which evidence was discovered incident to an arrest warrant that was subsequently determined to be invalid. Like *Gough, supra,* the police in the instant case did not meet the standard of reasonableness in their reliance on the arrest warrant to fall within the good faith requirement of *Leon, supra.* The evidence in the instant case was, therefore, properly suppressed by the trial court.