The STATE of Ohio, Appellant,

v.

SIMON, Appellee.

[Cite as *State v. Simon* (1997), 119 Ohio App.3d 484.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18124.

Decided May 14, 1997.

*Phillip D. Bogdanoff*, Summit County Assistant Prosecuting Attorney, for appellant.

*Kenneth L. Turowski*, for appellee.

DICKINSON, Presiding Judge.

The state has appealed from an order of the Summit County Court of Common Pleas that suppressed evidence seized at the home of defendant Donald R. Simon. It has argued that, although police officers entered defendant's home without a warrant, the trial court incorrectly suppressed the evidence because the officers had a good faith belief that they were entering a common area, not defendant's apartment. This court affirms the trial court's judgment because the officers' mistaken belief about the location of the defendant's apartment entrance did not warrant an exception to the exclusionary rule.

## I

On the night of May 24, 1996, two Akron Police officers were dispatched to investigate an anonymous report that defendant had a quantity of marijuana hidden in a nightstand underneath a dart board in the living room of his upstairs apartment at 2269½ East Avenue. While proceeding to defendant's address, the officers ran a mobile computer check on defendant and discovered that there was the possibility of an outstanding warrant from Cuyahoga Falls for someone with the same name as defendant.

The officers arrived at the address at approximately 8:00 p.m. From the outside of the house, they observed three entrances. Because one of the officers

had responded to this address before, he was aware that the house had one apartment on each floor. The officers proceeded to the door on the south side of the building, which they believed led to the second floor apartment. They arrived at that door, looked through the glass, and saw "nothing more than a stairwell." This observation confirmed their belief that this door led to the upstairs apartment. Believing that the door would lead "to another door that would lead into defendant's apartment," the officers opened the door and started up the stairs.

As they proceeded up the stairs, they were met on a landing by defendant. One of the officers asked defendant his name and, after he responded, whether Cuyahoga Falls had a warrant out for his arrest. Defendant admitted that there might be a warrant for his arrest concerning a traffic matter. In response to one officer's request that they find another place to talk, defendant led the officers into the living room of his apartment. When they reached the top of the stairs, the officers discovered that there was no second door. They had already entered defendant's apartment through the door at the bottom of the stairway.

Once inside the living room, defendant produced identification upon request. While in the living room, one officer observed on the window sill a "dugout," a wooden box with a flip top that is commonly used to store marijuana. Also in plain view, the officers observed more drug paraphernalia and a leather portfolio that defendant told them contained a ledger. Upon request, defendant allowed one of the officers to open the ledger. Inside, the officer found a list of names with corresponding numbers that the officer believed were dollar figures. The officer concluded that this ledger was related to the sale of marijuana.

After confirming, via police radio, that there was an outstanding arrest warrant for defendant, the officers arrested him. In the immediate area, one officer observed a nightstand under a dart board, as identified in the anonymous report. The officer opened the nightstand and found a scale, a pie plate, and two bags of marijuana with a total weight of approximately thirty-four grams.

Defendant was indicted on one count of aggravated trafficking, a violation of R.C. 2925.03(A)(2). Defendant moved to suppress all evidence seized from his apartment, contending that the police officers' warrantless entry into his apartment was unconstitutional. Following a suppression hearing, the trial court concluded that the warrantless entry into defendant's apartment was unconstitutional and ordered that all evidence be suppressed. The state timely appealed to this court.

## II

The state's assignment of error is that the trial court incorrectly ordered the suppression of evidence. Specifically, it has asserted that the officers' warrantless entry into defendant's apartment was justified by their good faith, though

mistaken, belief that the actual entrance to defendant's apartment was at the top of the stairway. The defendant having established that the officers conducted a warrantless search and seizure, the state had the burden to prove, by a preponderance of the evidence, that the warrantless search came within of one of the recognized exceptions to the warrant requirement. *State v. Baker* (1993), 87 Ohio App.3d 186, 192, 621 N.E.2d 1347, 1351.

The state has argued that the trial court incorrectly suppressed the evidence seized from defendant's apartment because the police officers had made a reasonable mistake of fact about the location of the apartment entrance. This court is not persuaded by the state's argument because (1) this situation fails to fall within a recognized exception to the warrant requirement, and (2) the officers' mistaken belief was not reasonable.

## A

Within limited parameters, courts have allowed exceptions to the exclusionary rule based on police officers' good faith mistaken beliefs. The "good faith" exception to the warrant requirement was first recognized by the United States Supreme Court in *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677. The Ohio Supreme Court adopted this exception two years later in *State v. Wilmoth* (1986), 22 Ohio St.3d 251, 22 OBR 427, 490 N.E.2d 1236, paragraphs one and two of the syllabus:

"1. The exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid. (*United States v. Leon* [1984], 468 U.S. 897, [104 S.Ct. 3405, 82 L.Ed.2d 677], followed.)

"2. Where the officer's conduct in the course of a search and seizure is objectively reasonable and executed in good faith, excluding the evidence because the search warrant is found to be constitutionally invalid will not further the ends of the exclusionary rule in any appreciable way."

At the heart of the "good faith" exception is the fact that the mistake that invalidated the warrant was solely on the part of the judge who issued the warrant. The police officers, on the other hand, merely executed a warrant that they thought was valid. The rationale for not excluding evidence seized in such a situation focuses on the inability of the exclusionary rule to fulfill its purpose of deterring police negligence and misconduct. *State v. Ackison* (1993), 66 Ohio St.3d 1209, 1212, 607 N.E.2d 1071, 1072–1073. Because it was the judge, not the police officers, who made the mistake that invalidated the warrant, exclusion of the evidence would do nothing to deter future police misconduct. *Massachusetts v. Sheppard* (1984), 468 U.S. 981, 990, 104 S.Ct. 3424, 3428–3429, 82 L.Ed.2d 737, 745. As the Supreme Court explained in *Leon:*

" 'The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused. Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force.' " *United States v. Leon, supra,* 468 U.S. at 919, 104 S.Ct. at 3418, 82 L.Ed.2d at 696, quoting *Michigan v. Tucker* (1974), 417 U.S. 433, 447, 94 S.Ct. 2357, 2365, 41 L.Ed.2d 182, 194.

A decade later, courts continue to apply the good faith exception almost exclusively in the context of a search pursuant to a search or arrest warrant that is later found defective. See, *e.g., Arizona v. Evans* (1995), 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34; *State v. Ackison,* 66 Ohio St.3d 1209, 607 N.E.2d 1071; *State v. Johnson* (1988), 48 Ohio App.3d 256, 549 N.E.2d 550.

The state has suggested that the decision of the United States Supreme Court in *Illinois v. Rodriguez* (1990), 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148, is applicable to this case. In *Rodriguez,* police officers mistakenly believed that they had been granted valid consent to enter the defendant's apartment by a woman who had a key to the apartment, said that she had furniture and clothing there, and referred to the apartment as "our" apartment. Believing that they were entering the apartment pursuant to the well-recognized consent exception to the warrant requirement, the officers entered the defendant's apartment using the woman's key. *Id* at 179–180, 110 S.Ct. at 2796–2797, 111 L.Ed.2d at 155–156.

The consent exception to the warrant requirement, by its very nature, requires police officers to make a factual determination as to whether the person who grants them consent to enter actually has authority to grant consent. In *Rodriguez,* the Supreme Court, emphasizing that officers are often required to make factual determinations when proceeding under exceptions to the warrant requirement, held that these determinations need not always be correct, but they must be reasonable. *Id.* at 185, 110 S.Ct. at 2799–2800, 111 L.Ed.2d at 159. The state has cited no authority to support an extension of the *Rodriguez* reasoning to the situation before this court.

The officers here were not proceeding within a recognized exception to the warrant requirement. It is significant that the mistake here was not made by a third person, but by the officers themselves. They had no misinformation from the radio dispatch that the apartment entrance was at the top of the stairs, nor did anyone instruct them or permit them to enter the stairway. Based on an extremely limited investigation of the situation, the officers mistakenly concluded that the door they entered was not the entrance to defendant's apartment. An

exception to the warrant requirement is not justified here because exclusion of this evidence would sanction negligence of police officers. Suppression of the evidence at issue, therefore, promotes the deterrent purpose of the exclusionary rule.

## B

■ Even if a good faith or mistake-of-fact exception could extend to this type of situation, the officers' mistaken belief must be judged against an objective standard of reasonableness. See *Illinois v. Rodriguez, supra,* 497 U.S. at 188, 110 S.Ct. at 2801, 111 L.Ed.2d at 161. The facts available to the officers at the moment they came to their mistaken belief must have been sufficient to warrant a person of reasonable caution to share that same belief. *Id.* "If not, then warrantless entry without further inquiry [was] unlawful." *Id.*

■ The facts available to the officers who were dispatched to defendant's apartment were not sufficient to warrant a reasonable belief that the entrance to defendant's apartment was at the top of the enclosed stairway. The officers based their belief on what they could see through the window of the door: that there was a stairway leading up to the second floor, which they knew had only one apartment. The officers did not see a door at the top of the stairs or a mailbox or anything else that might support their suspicion that the actual entrance to defendant's apartment was upstairs. There was also no evidence presented by the state that the officers based their belief on any other information, such as prior experience with this residence or other second-floor apartments in the area.

The officers had only a hunch that there might be a second door at the top of the stairs. They made no further attempt to ascertain whether the door they opened was in fact the apartment entrance. They did not knock on the door or otherwise announce their presence. They merely tested the door handle and, because it was not locked, walked in. The officers' warrantless entry into defendant's apartment based on the limited facts available to them was unreasonable and, therefore, unlawful.

For these reasons, the trial court correctly ordered suppression of the evidence seized from defendant's apartment. The state's assignment of error is overruled.

## III

The state's assignment of error is overruled. The trial court's suppression order is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.