DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Damon Purvey, appeals his conviction and sentence in the Lorain County Court of Common Pleas on five drug-related offenses. We affirm.
On August 6, 1996, Defendant was arrested by officers of the Lorain Police Department. The officers had been conducting surveillance of Defendant for an extended period of time, including a previous controlled drug buy. They had been informed that Defendant had recently brought a large quantity of drugs from Detroit to Lorain. When he was arrested several blocks from his apartment, Defendant was carrying only a portion of the suspected drugs.
After Defendant was taken to the police station, officers returned to his apartment, acquired a key from the landlord, and entered the residence. After learning that a suspected accomplice was not present in the apartment, the officers secured the entrances and waited for an officer to arrive with a warrant. During the subsequent search, the officers discovered a large quantity of crack cocaine.
On August 13, 1996, Defendant was indicted on five drug-related offenses. Defendant moved to suppress the evidence gathered as a result of the search of his residence. After a hearing, the trial court denied the motion. Defendant entered a plea of no contest, and the trial court found him guilty of all five charges alleged in the indictment. Prior to sentencing, Defendant moved to withdraw his plea of no contest, arguing that he had not understood that a no contest plea could result in a conviction without a trial. The motion was denied following a hearing. The trial court found that Defendant was a major drug offender and sentenced him to consecutive prison terms of five and fifteen years, respectively, on two felony convictions, and concurrent terms of six months and thirty days on two misdemeanor convictions. He was fined $100 on a third minor misdemeanor offense. Defendant timely appealed and has raised four assignments of error.
 ASSIGNMENT OF ERROR I The trial court erred to the prejudice of [Defendant] when it failed to grant [his] motion to suppress.
The warrantless entry and search of a residence is presumptively unreasonable under the Fourth Amendment. Payton v.New York (1980), 445 U.S. 573, 586, 63 L.Ed.2d 639, 651. Nevertheless, entry without a warrant may be justified in exigent circumstances in which an emergency situation demands immediate police action. U.S. v. Radka (C.A.6 1990), 904 F.2d 357, 361. Warrantless entry of a residence to prevent the destruction of evidence is justified when the state demonstrates a reasonable belief (1) that the residence is occupied by third parties, and (2) that the loss or destruction of evidence is imminent. See Id. at 362.
The party challenging the legality of a search bears the initial evidentiary burden of demonstrating whether the search was authorized by warrant. Xenia v. Wallace (1988), 37 Ohio St.3d 216,218. A defendant who challenges a warrantless search must demonstrate the absence of a warrant and must allege the basis of the challenge with adequate specificity. See id. at paragraphs one and two of the syllabus. Once the defendant has done so, the state bears the evidentiary burden of demonstrating by a preponderance of the evidence that the search fell into a recognized exception to the warrant requirement. State v. Simon
(1997), 119 Ohio App.3d 484, 486. While we defer to the findings of the trial court on a motion to suppress provided that they are supported by competent, credible evidence, our review of the application of the law to the facts is de novo. State v. McNamara
(1997), 124 Ohio App.3d 706, 710.
In this case, the trial court permitted the suppression hearing to proceed despite the fact that Defendant's motion to suppress was ambiguous. The State conceded that the police made a warrantless entry into Defendant's apartment. Accordingly, the burden of proof rested with the State to demonstrate that the entry into Defendant's apartment fell into a recognized exception to the warrant requirement.
At the hearing, however, the defense assumed the burden of examining the police officers involved in the search as if on cross-examination.[1] The prosecution did not examine the witnesses, and the trial court denied the motion to suppress without requiring the state to call and examine witnesses. Defendant did not object to the trial court's error and, in fact, assented to the misstatement. As such, this court will only recognize his later objections to the extent that the trial court's action constituted plain error. State v. Campbell (1994),69 Ohio St.3d 38, 40-41; Crim.R. 52(B).
We recognize plain error only in the rare case where, but for the alleged error, the outcome of the proceeding would have been different. State v. Long (1978), 53 Ohio St.2d 91, paragraphs two and three of the syllabus. In this case, the testimony elicited by Defendant from the police officers supports the conclusion that the warrantless entry into Defendant's home was justified by the presence of exigent circumstances. Defendant had been under surveillance for an extended period of time. The investigating officers were aware that he had recently returned from Detroit with a substantial quantity of drugs and that he worked with an accomplice. After his arrest, the officers determined that most of the drugs were not on Defendant's person. They were aware that Defendant worked with an accomplice who had been seen at his apartment. The officers obtained a key to the apartment from Defendant's landlord, entered and scanned the room for an additional occupant, then secured the apartment and waited for another officer to return with a warrant. They testified that they did not search the apartment until after the warrant was obtained.
These facts, as adduced by the trial court, demonstrate that the officers had a reasonable belief that Defendant's accomplice could be present in his apartment and that the remaining drugs would be destroyed imminently. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGMENT OF ERROR II It was an abuse of discretion for the trial court to deny [Defendant's] request to withdraw his plea of no contest prior to sentencing.
In his second assignment of error, Defendant has argued that the trial court incorrectly denied his pre-sentence motion to withdraw his plea. Specifically, Defendant has asserted that he entered a plea of no contest to preserve the appealability of the motion to suppress without a trial, but that he did not understand that the trial court could find him guilty.
A defendant does not have an absolute right to withdraw a plea of no contest, and an order denying a motion to withdraw a no contest plea will not be disturbed absent an abuse of the trial court's discretion. See State v. Spivey (1998), 81 Ohio St.3d 405,415, citing State v. Xie (1992), 62 Ohio St.3d 521, paragraphs one and two of the syllabus. An abuse of discretion connotes action by the trial court that is unreasonable, arbitrary, or unconscionable. See State v. Brown (1988), 38 Ohio St.3d 305,312.
In this case, the trial court meticulously complied with the dictates of Crim.R. 11 in ascertaining whether Defendant's plea of no contest was knowingly and voluntarily made. Although the record indicates that Defendant maintained his innocence during the plea hearing, he also stated repeatedly that he understood the consequences of his plea. Defendant was represented by counsel and stated that he was satisfied with the representation he received. Prior to the hearing, Defendant executed a written waiver of rights. The trial court fully informed him of potential sentences and emphasized that no contest pleas most frequently lead to a conviction. Under these circumstances, we are unable to conclude that the trial court's determination that Defendant should not be permitted to withdraw his plea constituted an abuse of discretion. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court abused his discretion and erred to the prejudice of [Defendant] when he sentenced [Defendant] under the repeated offender statute.
 ASSIGNMENT OF ERROR IV The trial court abused his discretion and showed bias toward [Defendant] during sentencing where he failed to properly apply [R.C.] 2929.12 in determining [Defendant's] sentence.
In his third and fourth assignments of error, Defendant has argued that the trial court erred by imposing an additional five-year prison term after finding Defendant to be a major drug offender. We disagree.
Defendant was convicted of one count of possession of crack cocaine, a felony of the first degree pursuant to R.C.2925.11(C) (4) (f). The trial court determined that Defendant was a major drug offender and sentenced him to the maximum applicable prison term of ten years pursuant to R.C. 2925.11(C) (4) (f) and2929.14(D) (3), and to an additional five years' incarceration pursuant to R.C. 2929.14(D) (3) (b).
R.C. 2925.11(C) (4) (f) requires the trial court to sentence a defendant to the maximum prison term of ten years for a felony of the first degree when the amount of crack cocaine involved exceeds one hundred grams. In addition, the trial court is permitted to sentence a defendant to an additional mandatory prison term of one to ten years. R.C. 2925.11(C) (4) (f) and 2929.14(D) (3) (b). Before sentencing a defendant to an additional prison term, the court must find (1) that the maximum mandatory term already imposed is inadequate to punish the offender and to protect the public from future crime, and (2) that the mandatory term imposed is demeaning to the seriousness of the offense. R.C. 2929.14(D) (3) (b) and2929.14(D) (2) (b). In making these determinations, the court must be guided by the seriousness and recidivism factors enumerated in R.C. 2929.12. R.C. 2929.14(D) (2) (b).
In its journal entry, the trial court stated specifically that it had considered the factors contained in R.C. 2929.12 with respect to the seriousness of the offense and Defendant's risk of recidivism. The court concluded that Defendant posed a risk of recidivism and that the maximum basic sentence would demean the seriousness of his crime. Accordingly, the trial court's imposition of an additional prison term to Defendant's sentence as a major drug offender was not imposed contrary to law. Defendant's third and fourth assignments of error are overruled.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
 FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR
[1] During the hearing, the following exchange took place:
 THE COURT: The ball is in your court to show that the original warrantless search was illegal.
 DEFENDANT: Your Honor, we accept the burden at this point, being that it was our declaration, an illegal search without a warrant.